IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00284-WYD-PAC

ALLEN ISAAC FISTELL,

    Plaintiff,

v.

GARY NEET, Superintendent FCF;
CHARLES OLIN, Mental Health, FCF;
LT. BRADFORD, FCF CH-4; RICHARD LINNS, Mental Health, FCF;
RICK MARTINEZ, Case Manager III, FCF;
NARD CLAAR, Associate Superintendent, FCF;
COLORADO DEPARTMENT OF CORRECTIONS; and
C/O CHARLENE CORDO, CH-4, FCF.

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

This is a *pro se* 42 U.S.C § 1983 prisoner civil rights action. Plaintiff's original complaint was dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B). See Doc. # 7. Plaintiff appealed and the Tenth Circuit reversed in part and remanded plaintiff's due process claim which arises from plaintiff's classification as a sex offender after he was charged with sexually violent or abusive behavior toward a female prison guard. See Doc. # 15.

On May 2, 2005, this matter was referred to me for pretrial case management and recommended rulings on dispositive motions. On July 15, 2005, plaintiff filed his second amended complaint containing two claims: 1) defendants violated plaintiff's due

process rights when they classified him a "violent sex offender;" and 2) defendants conspired to deny plaintiff his due process rights. On November 23, 2005, defendants Neet,[1] Olin, Bradford, Linns, Colorado Department of Corrections (CDOC), and Cordo filed their motion for summary judgment, which is the matter now before the court [see doc. # 58]. The motion is fully briefed and oral argument would not be of material assistance.

## I. Background

Mr. Fistell is an inmate at the Fremont Correctional Facility. He is an unadjudicated sex offender, meaning that he is not serving time for a sex offense, but the CDOC has classified him as a sex offender because of an incident on November 1, 1997. On that date, according to Charlene Cordo, and an Incident Report Form, plaintiff masturbated in view of Ms. Cordo when squatting on his bunk at 11:30 p.m., but "graveyard male staff ha[d] not observed this." Defendants' Motion for Summary Judgment (MSJ), exhibits 1 and 2. Ms. Cordo and the incident report note that the same behavior had occurred once before. *Id.*

As a result of the November 1, 1997 Incident Report, plaintiff was referred for treatment to the Sex Offender Treatment Program (SOTP). MSJ, exhibit 3, affidavit of Paul Carreras. After a November 25, 1997 SOTP mental health professionals' staffing, Mr. Fistell was classified as an "S-3" sex offender. MSJ, exhibits 5, affidavit of Christine Tyler, and 6, CDOC Mental Health Status Report/Individual Contact.

---

[1] Gary Neet, Nard Claar, and Rick Martinez are now retired from CDOC employment. According to the returns of service filed June 16, 2005, Rick Martinez was successfully served, but Nard Claar could not be located at the last known address used by the U.S. Marshal.

In apparent response to the *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237 (10th Cir. 2000) decision[2], the CDOC reviewed plaintiff's file during its system-wide review of the need for providing hearings for inmates who were unadjudicated sex offenders. MSJ, exhibit 7, affidavit of Charles Olin.

Plaintiff received notice of a hearing before the Administrative Review Panel (Panel) on June 21, 2000. Plaintiff's amended complaint, exhibit G, Notice of Right to Administrative Review. At that hearing, plaintiff acknowledged that he was masturbating on November 1, 1997, and acknowledged that he had received a warning concerning a prior act of masturbation. Plaintiff denied that he masturbated "for the benefit of" defendant Cordo. See MSJ, exhibit A-7, compact disc recording of proceedings before the administrative review panel. The Panel determined that plaintiff would continue to be classified as a sex offender due to the November 1, 1997 behavior which was documented by defendant Cordo, because plaintiff failed to offer any credible explanation to rebut the Incident Report. Plaintiff's amended complaint, exhibit H, Decision on Sex Offender Designation.

## II. Standard of Review

The purpose of summary judgment is to determine whether trial is necessary.

---

[2]*Chambers* involved an unadjudicated sex offender inmate classified as "S-2" after his case manager discovered during a review of the inmate's file that he had been charged with rape and sodomy, but the charges were dropped after the alleged victim refused to pursue the charges. As a result of Chambers' "S-2" label, he was required to participate in a sex offender treatment program (SOTP), which was conditioned upon his recognition of his sexually assaultive behavior. Because Chambers did not participate in the SOTP, his earned time credits were reduced from ten to seven days per month. Chambers challenged the S-2 classification on due process grounds, and the Tenth Circuit ruled that Chambers' S-2 label, coupled with the SOTP as a precondition for parole eligibility, was a liberty interest which required procedural protections. *Chambers*, 205 F.3d at 1243.

*White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is appropriate under FED.R.CIV.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When applying this standard, the court reviews the pleadings and documentary evidence in the light most favorable to the nonmoving party. *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir. 1988).   To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff."  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial.  *Handy v. Price,*  996 F.2d 1064, 1068 (10th Cir. 1993).  Because plaintiff appears *pro se*, I construe his pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

### III. Analysis

A. Qualified Immunity

Defendants contend they are entitled to summary judgment because of qualified immunity, arguing that Mr. Fistell was provided all the due process to which he was entitled under *Chambers*, and that defendants have not violated any clearly established law.  In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990).

When presented with the qualified immunity defense, the court conducts a three-part inquiry. First, whether the plaintiffs' allegations, if true, establish a constitutional violation. *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005). If not, the claim should be dismissed. *See Gomes v. Wood*, ___ F.3d ___, 2006 WL 1739586 (10th Cir., June 27, 2006). Second, if the plaintiff has alleged a constitutional violation, the court next determines "whether the law was clearly established at the time the alleged violation occurred." *Roska v. Peterson*, 328 F.3d 1230, 1245 (10th Cir. 2003). The law is clearly established if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right. *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006). Finally, if the law was clearly established, "[t]he circumstances must be such that the defendant was so 'prevented' from knowing that his actions were unconstitutional that he should not be imputed with knowledge of a clearly established right." *Roska*, 328 F.3d at 1251.

B. Plaintiff's First Claim: Denial of Due Process

Among other provisions, the Fourteenth Amendment provides for procedural due process protection requiring the state to provide individuals with some type of process before depriving them of their life, liberty, or property. *See Daniels v. Williams*, 474

U.S. 327, 337 (1986) (Stevens, J., concurring)[3]. A prisoner not convicted of a sex offense who is labeled by the CDOC as a sex offender and who must comply with a mandatory treatment program as a precondition for parole eligibility has a liberty interest which cannot be taken away without some due process. *Chambers*, 205 F.3d at 1242-43.

As a general rule, before officials may take an action that affects protected liberty interests, they must afford a prisoner (a) advance written notice of the charges; (b) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (c) a written statement by the factfinder of the evidence relied upon on and the reasons for the [] action. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454 (1985). The factfinder's decision must be supported by some evidence. *Id.*

The CDOC did not file disciplinary charges against Mr. Fistell concerning the November 1, 1997 incident. MSJ, exhibit 2. Rather, due to the Incident Report, Fistell was classified an S-3, and recommended for sex offender treatment. MSJ, exhibit 6. For the Panel hearing on June 26, 2000, there is no dispute that plaintiff received the Notice of Right to Administrative Review before the hearing, and that, although he could have called witnesses, he elected not to. MSJ, exhibit 8, Administrative Review Request Form. The Panel decided to maintain plaintiff's S-3 classification, which is still

---

[3]Although their due process rights are defined more narrowly, that guarantee applies to prisoners as well. Thus, in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court concluded that a prisoner is entitled to due process before he is subjected to conditions that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or disciplinary actions that "inevitably affect the duration of his sentence." See also *Talley v. Hesse*, 91 F.3d 1411, 1414 (10th Cir.1996) (discussing the ways of establishing a liberty interest under *Sandin*).

in effect. Mr. Fistell received a written statement of the evidence relied upon and the reasons for the action. Plaintiff's amended complaint, exhibit H, Decision of Sex Offender Designation, June 29, 2000. A federal court is not permitted to re-weigh the evidence considered nor may a court re-assess the Panel's credibility determinations. *Hill*, 472 U.S. at 455.

I recommend finding that Fistell has a liberty interest in not being classified a sex offender and in not being required to participate in a SOTP[4] which right cannot be taken away without some due process. *Chambers*, 205 F.3d at 1243. I further recommend finding that defendants met all of *Hill's* due process requirements and that Mr. Fistell received all the process to which he was entitled. Finally, because plaintiff has not provided evidence which demonstrates a denial of due process, summary judgment should enter in favor of all defendants on plaintiff's first claim for denial of due process.[5]

C. Plaintiff's Second Claim: Conspiracy to Deny Due Process

Although not specifically so articulated, I construe plaintiff's second claim as one of conspiracy to violate his due process rights. See Amended Compl. This claim may be brought under 42 U.S.C. § 1985(3) which specifically prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person . .

---

[4]Plaintiff refuses to participate in the sex offender treatment program because he maintains he is not required to participate. Plaintiff's second amended complaint at 4-8.

[5]Because I recommend finding that plaintiff received all the process to which he was due, and that he therefore failed to show that a constitutional right had been violated, I need not consider the remaining elements of the qualified immunity analysis. See *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1218-19 (10th Cir. 2006) (where no constitutional right was violated based on plaintiff's allegations, no necessity for further inquiry).

. of the equal protection of the laws, or of equal privileges and immunities under the laws . . ." 42 U.S.C. § 1985(3). Section 1985(3) however does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971); *accord, Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985).

To state a claim under §1985(3), Mr. Fistell must show: (1) a conspiracy, motivated by racially discriminatory animus; (2) to deprive plaintiff of equal protection of the constitution or laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). A "conspiracy" is defined as "the combination of two or more persons acting in concert." *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990).

Here, plaintiff did not respond to defendants' summary judgment arguments against a conspiracy; plaintiff also indicated in his response to defendants' motion for summary judgment that he intended to dismiss the conspiracy claim. Pl. Resp. to MSJ at 3, although he has not done so to date. Because plaintiff stated his intention to dismiss the claim and because he confessed defendants' motion for summary judgment on the conspiracy claim, I recommend finding that Mr. Fistell has abandoned the claim. I further recommend that summary judgment be granted in favor of all defendants on

plaintiff's conspiracy to deny due process claim.

      D. Impartiality of the Panel

      Mr. Fistell contends that the Panel which continued his S-3 classification was not impartial because defendant Linns, one of the Review Panel members, was a member of the CDOC mental health staff which originally classified plaintiff as S-3, and because defendant Bradford was defendant Cordo's supervisor.

      An impartial decisionmaker is a fundamental requirement of due process that is "fully applicable" in the prison context. *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.), *cert. denied* 543 U.S.860 (2005) citing *Wolff v. McDonnell*, 418 U.S. 539, 592 (1974). However, because honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 518 (10th Cir.1998). Due process is violated only when the risk of unfairness is intolerably high under the circumstances of a particular case. *Gwinn*, 354 F3d at 1220 (quotations omitted).

      Plaintiff has not supplied any other facts or assertions to support his bias claims. According to Christine Tyler, a social worker/counselor who participated in the SOTP staffing on November 25, 1997, Panel member defendants Martinez (now retired) and Bradford were not involved in the mental health staffing or in any decision regarding Mr. Fistell's S-3 classification. MSJ, exhibit 5, affidavit of Christine Tyler. Plaintiff has not rebutted the Tyler affidavit. I recommend finding that, even if true, the fact that a person who participated in classifying plaintiff as a S-2 sex offender later sat on the

same classification's review panel does not rise to the level of "a substantial countervailing reason" to conclude that Panel member Linns was biased.

Plaintiff claims that Bradford was biased because he was Cordo's supervisor. Plaintiff does not make any specific showing of Bradford's alleged bias, however, and he further fails to provide any additional evidence in support of his conclusory allegations of bias against both Bradford and Linns. I therefore recommend that summary judgment enter in favor of defendants on plaintiff's bias-based due process challenge. *See Smith v. Cummings*, 445 F.3d 1254, 1261 (10th Cir. 2006) (claim of judicial bias not considered by court where plaintiff cites no evidence in support of his conclusory allegations of bias).

E. Defendants' Alleged Failure to Follow CDOC Rules

Plaintiff argues that defendants did not follow CDOC rules requiring two documented incidents[6] before plaintiff could be classified as a sex offender. Even if plaintiff is able to prove that defendants did not comply with CDOC rules, their "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993), citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984). Consequently, plaintiff's argument on this point, to the extent it is an attempt to state a claim, fails.

Plaintiff also may be trying to claim that, because of the classification, his good time credits accrue at a reduced rate, violating his right to due process. 2nd Amend.

---

[6] The November 1, 1997 Incident Report refers to a earlier occasion of masturbation Cordo witnessed. The prior incident, according to plaintiff, never was documented.

Compl. at 12.  Questions of parole eligibility[7] and good time credits are appropriately brought only in a *habeas corpus* action, however, because they are challenges to the length of an inmate's incarceration.  Before bringing a damage claim that challenges the duration of a prisoner's continued incarceration, the prisoner must first pursue a successful action for *habeas corpus*.  *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); see also *Butterfield v. Bail*, 120 F.3d 1023, 1024 n.1 (10th Cir.1997) (barring action for damages where inmate, who had not yet pursued his claim through a writ of *habeas corpus*, sought damages because false information in prison file was used to deny parole).  If success in the instant § 1983 action would necessarily point to the invalidity of his incarceration or its duration, then Mr. Fistell must raise his claim in a *habeas corpus* petition.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)("state prisoner's §1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  I therefore recommend entry of summary judgment in favor of defendants on any challenge to the CDOC's application of its own rules and on any claim relating to plaintiff's parole eligibility.

    F. *Sua Sponte* Dismissal of Claims Against Claar and Martinez

    The court has the power to enter summary judgment *sua sponte.  Celotex Corp.v. Catrett*, 477 U.S. 317, 326 (1986).  Defendants Claar and Martinez are retired

---

[7] I note that Mr. Fistell does not have a liberty interest in parole.  *See, e.g., Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979).

from CDOC employment.  Service of the amended complaint was not completed on Claar.  I recommend that plaintiff's claim against Claar be dismissed *sua sponte* for insufficiency of process under FED. R. CIV. P. 12(b)(5).  Service was effected on Martinez, who did not respond to plaintiff's amended complaint nor join in the motion for summary judgment. Summary judgment should enter *sua sponte* in favor of Martinez because plaintiff's claims against Martinez are the same as those against the other defendants and plaintiff has been unable to marshal enough evidence to establish a constitutional violation or to defeat the moving defendants' motion for summary judgment.  See *Rouse v. City of Aurora*, 901 F.Supp. 1533, 1539 (D. Colo. 1995)(absent constitutional basis for claim against party moving for summary judgment, claims against nonmoving defendants dismissed sua sponte).

### IV. Recommendations

For the reasons stated, it is hereby

**RECOMMENDED** that defendants Neet, Olin, Bradford, Linns, CDOC and Cordo's motion for summary judgment [doc. # 58] be **granted in its entirety** and defendants Neet, Olin, Bradford, Linns, CDOC and Cordo DISMISSED; it is

**FURTHER RECOMMENDED** that *sua sponte* **summary judgment enter in favor of defendant** Martinez on all of plaintiff's claims and defendant Martinez DISMISSED; it is

**FURTHER RECOMMENDED** that **Nard Claar be dismissed from this action under Rule 12(b)(5), because he has never been served with process**; and it is

**FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**

in its entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 24th day of July, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge