IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-284-WYD-PAC

ALLEN ISAAC FISTELL,

    Plaintiff(s),

v.

GARY NEET, Superintendent, F.C.F.;
CHARLES OLIN, Mental Health, F.C.F.;
LT. BRADFORD, F.C.F., CH-4;
RICHARD LINNS, Mental Health, F.C.F.;
RICK MARTINEZ, Case Manager III, F.C.F.;
NARD CLAAR, Associate Superintendent, F.C.F.;
COLORADO DEPARTMENT OF CORRECTIONS;
c/o CHARLENE CORDO, CH-4, F.C.F.; and
JOSEPH ORTIZ, Executive Director, C.D.O.C.,

    Defendant(s).

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Motion for Summary Judgment filed November 23, 2005, (docket #57) by Defendants Gary Neet, Charles Olin, Lt. Bradford, Richard Linns, Colorado Department of Corrections, Charlene Cordo, and Joseph Ortiz.  Defendants seek dismissal of all of the claims against them.  The matter was referred to Magistrate Judge Coan by Order of Reference dated December 8, 2005.  Magistrate Judge Coan issued a Recommendation on July 24, 2006, in which she recommends that the motion for summary judgment be granted and that this action be

dismissed with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1).

## II.     BACKGROUND

This is a *pro se* prisoner civil rights case. Plaintiff's original Complaint was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff appealed, and the Tenth Circuit reversed in part and remanded. Plaintiff filed a Second Amended Complaint on July 15, 2005, asserting claims for violation of his due process rights based on his classification as a "violent sex offender," and a claim for conspiracy to deny him his due process rights. Plaintiff is an inmate at the Fremont Correctional Facility. The Colorado Department of Corrections ("CDOC") first classified Plaintiff as a sex offender based on an incident that took place on November 1, 1997, during which Plaintiff masturbated in view of Defendant Cordo, a female prison guard. Following the November 1, 1997, incident, Defendant Cordo filled out an incident report noting that this same behavior had occurred once before. As a result of the November 1997, incident report, Plaintiff was referred for treatment to the Sex Offender Treatment Program ("SOTP"). A SOTP mental health professionals' staffing took place on November 25, 1997, and Plaintiff was subsequently classified as an "S-3" sex offender. Recommendation at 1-3.

In March 2000, the Tenth Circuit Court of Appeals issued its decision in *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237 (10th Cir. 2000), and held that an inmate's classification as a sex offender, coupled with the requirement that he participate in SOTP, implicated a protected liberty interest. Following issuance of the

*Chambers* decision, CDOC conducted a system-wide review of inmates who were classified as unadjudicated sex offenders without benefit of a hearing. On June 21, 2000, Plaintiff received notice of a hearing before the Administrative Review Panel. During the June 2000 hearing Plaintiff acknowledged that he was masturbating on November 1, 1997, and that he had received a prior warning concerning similar behavior. Plaintiff denied, however, that he masturbated "for the benefit of" Defendant Cordo. Following the June, 2000 hearing, the Administrative Review Panel determined that it would continue Plaintiff's classification as a sex offender because Plaintiff failed to offer any credible explanation to rebut the incident report. Recommendation at 3.

### III.    RECOMMENDATION

In her Recommendation, Magistrate Judge Coan recommends that summary judgment enter in favor of Defendants, and that Plaintiff's claims be dismissed in their entirety. Recommendation at 12-13. On August 21, 2006, Plaintiff filed a timely Objection to the Recommendation ("Objection"), which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). However, the party filing objections must <u>specifically identify</u> those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### A. Qualified Immunity

In their motion for summary judgment, the individual Defendants assert that they are entitled to qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990). The Tenth Circuit has indicated that the defense of qualified immunity should be raised in the answer or in a motion to dismiss or for summary judgment. *Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991). "Defendants who are unsuccessful in having a lawsuit dismissed on qualified immunity grounds before trial may reassert the defense at trial or after trial." *Id.*

Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 15531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). Magistrate Judge Coan found that Plaintiff failed to establish that Defendants' alleged actions violated a constitutional or statutory right, and recommended that the motion for summary judgment be granted in

its entirety.

### B. Due Process Claim

Based on *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237 (10th Cir. 2000), Magistrate Judge Coan found that Plaintiff has a liberty interest in not being classified as a sex offender, and in not being required to participate in a SOTP. Recommendation at 7. Magistrate Judge Coan reasoned that Plaintiff was entitled to (1) notice of the charges against him, (2) an opportunity to present a defense to those charges, and (3) a written statement of the evidence relied upon and the reasons for the action taken. *See Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454 (1985) (outlining due process required to support a loss of good time credits). Magistrate Judge Coan concluded that Plaintiff received the due process to which he was entitled under *Hill*, *supra*, and has not presented any evidence of a denial of due process.

In his Objection, Plaintiff first asserts that Magistrate Judge Coan erred in relying on the standard set forth in *Hill*. Plaintiff contends that because of the ongoing stigma attached to his classification as a "violent sex offender," he is entitled to a "heightened hearing standard" as set forth in *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2005). Objection at 1-3. The plaintiff in *Gwinn* was an inmate who was classified as a sex offender while he was serving a sentence for aggravated robbery and attempted theft. *Gwinn*, 354 F.3d at 1217. Relying on *Chambers, supra*, the Tenth Circuit concluded that Gwinn, who had not previously been convicted of a sex offense, was entitled to certain procedural protections before he could be classified as a sex

offender. *Id.* at 1218-19. The procedural protections to which Gwinn was entitled included (1) notice of the charges against him, (2) an opportunity to present a defense to those charges, including presentation of witnesses and evidence, and (3) a written statement of the evidence relied upon and the reasons for the action taken. *Id.* at 1219 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). In addition, the Court found that due process requires that there be some evidence on the record to support the action taken, and that the decisionmaker be impartial. *Id.* The standard set forth in *Gwinn* is the same standard set forth in *Hill*. Therefore, I find that Magistrate Judge Coan applied the correct standard in evaluating Plaintiff's due process claim.

Plaintiff further complains that because of the time lapse between issuance of the November 1997 incident report and the June 2000 hearing "[n]umerous staff member [sic] and prisoners came and went, many of who [sic] could have given evidence against Defendant Cordo and in favor of Plaintiff." Objection at 3. Plaintiff also objects that the "Hearings Board [] did not and would not allow an inmate, Staff person or Lawyer to assist Plaintiff during the Sex Offender Labeling Hearing," while prison officials allow prisoners facing Disciplinary Rules Violations "the use of Inmate Representatives to assist such prisoners during Disciplinary Hearings." Objection at 4. Plaintiff contends that without assistance at the hearing, he "could not have knowingly waived any rights, including those to call witnesses, have an impartial hearings board, or of course the right to have a representative." Objection at 4-5.

The evidence on the record establishes that Plaintiff was given notice and an opportunity to present witnesses at the June, 2000, although he chose not to do so,

and that he received a written summary of the evidence relied upon following issuance of the Administrative Review Panel's final decision. While Plaintiff was not permitted to have an attorney or offender represent him at the June 2000, hearing, he never raised this issue in his Response to the motion for summary judgment. As noted above, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In any case, the right to counsel, as an aspect of due process, turns on whether the proceeding may result in a deprivation of liberty." *Walker v. McLain*, 768 F.2d 1181, 1183 (10th Cir. 1985). "In cases where litigants are not directly threatened by a loss of physical liberty, a presumption arises against their right to appointed counsel." *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996). The Supreme Court has held that minimum due process does not require assistance of counsel in disciplinary hearings. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). I find that the failure to allow Plaintiff to be assisted by an inmate or attorney at the June 2000 hearing did not deprive him of due process.

Plaintiff makes two additional arguments related to his due process claim. First, Plaintiff complains about the impartiality of the Administrative Review Panel which classified him as a sex offender. Magistrate Judge Coan found that Plaintiff failed to supply any facts to support his bias claim, and recommended summary judgment enter on Plaintiff's bias-based due process challenge. Recommendation at 9-10. Plaintiff does not articulate any specific objections to this recommendation, and I agree with Magistrate Judge Coan that Plaintiff has not presented sufficient evidence to establish

bias.

Second, Plaintiff complains that Defendants did not follow CDOC rules requiring two documented incidents before he could be classified as a sex offender. Magistrate Judge Coan concluded that even if Plaintiff could prove CDOC failed to follow its own rules, such conduct "does not equate to a constitutional violation." Recommendation at 10 (citing *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993). Plaintiff makes no specific objection to this recommendation, and I agree with Magistrate Judge Coan's reasoning on this point.

In conclusion, I agree with Magistrate Judge Coan that Plaintiff received adequate due process and failed to demonstrate denial of his constitutional right to due process. Therefore, Defendants are entitled summary judgment in their favor on this claim.

    C.    <u>Conspiracy to Deny Due Process</u>

In the Recommendation, Magistrate Judge Coan notes that Plaintiff did not respond to Defendants' summary judgment arguments as to this claim, and indicated that he intended to dismiss the conspiracy claim. Recommendation at 8. Magistrate Judge Coan recommended a finding that Plaintiff abandoned this claim. Plaintiff does not object to such a finding, and I agree with Magistrate Judge Coan that summary judgment should be granted in favor of all Defendants on Plaintiff's conspiracy to deny due process claim.

    D.    <u>*Sua Sponte* Dismissal of Claims Against Claar and Martinez</u>

Finally, Magistrate Judge Coan recommends summary judgment enter, *sua*

*sponte* in favor of Defendants Claar and Martinez.  These Defendants are retired from CDOC employment and service of the Second Amended Complaint was not completed on Defendant Claar.  Plaintiff does not object to the *sua sponte* dismissal of these Defendants, and I agree with Magistrate Judge Coan that summary judgment should enter in favor of these Defendants, *sua sponte*.

IV. CONCLUSION

Having reviewed Magistrate Judge Coan's Recommendation and Plaintiff's Objection thereto, I find that the Recommendation is well-reasoned and thorough. Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Coan dated July 24, 2006, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment filed November 23, 2005, (docket #57) is **GRANTED** consistent with the Recommendation. All claims and causes of action against Defendants Neet, Olin, Bradford, Linns, CDOC, Cordo and Ortiz are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that *sua sponte* summary judgment enter in favor of Defendant Martinez.  All claims and causes of action against Defendant Martinez are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Defendant Nard Claar is **DISMISSED WITH PREJUDICE** from this action under Rule 12(b)(5), because he has never been served with process.  It is

FURTHER ORDERED that this action be **DISMISSED WITH PREJUDICE**.

Dated: October 5, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge